Justin Cilenti (GC 2321)
Peter H. Cooper (PHC 4714)
CILENTI & COOPER, PLLC
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOPHIA VELA, | Case No.  19 CV 353 |
| Plaintiff, | **COMPLAINT** |
| -against- | |
| THE FAMILY FAID CORP., *dba* MIMMO CUCINA, | ECF Case |
| Defendant. | |

Plaintiff, Sophia Vela ("Plaintiff"), by and through her undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendant, The Family Faid Corp., *dba* Mimmo Cucina (hereinafter, "Mimmo Cucina"), and states as follows:

## INTRODUCTION

1.      Plaintiff, Sophia Vela, alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), she is entitled to recover from the Defendant: (1) unpaid wages and minimum wages; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2.      Plaintiff, Sophia Vela, further alleges that, pursuant to the New York Labor Law, she is entitled to recover from the Defendant: (1) unpaid wages and minimum wages; (2) liquidated damages and statutory penalties pursuant to the New

York Wage Theft Prevention Act; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.      Plaintiff is an adult resident of Kings County, New York.

6.      Defendant, The Family Faid Corp. *dba* Mimmo Cucina, is a domestic business corporation organized and existing under the laws of the State of New York, with a principal place of business at 1690 York Avenue, New York, New York 10128.

7.      Plaintiff, Sophhia Vela, was employed by Defendant in New York County, New York, to work as a host at a restaurant known as "Mimmo Cucina", from November 15, 2017 through December 2018.

8.      At all relevant times, Mimmo Cucina was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

9.      At all relevant times, the work performed by Plaintiff, Sophia Vela, was directly essential to the business operated by Mimmo Cucina.

10. At relevant times, Defendant knowingly and willfully failed to pay Plaintiff lawfully earned wages and minimum wages in contravention of the FLSA and New York Labor Law.

11. Plaintiff, Sophia Vela, has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

12. In November 2017, Plaintiff, Sophia Vela, was hired by Defendant to work as a host at Defendant's restaurant known as "Mimmo Cucina", located at 1690 York Avenue, New York, New York.

13. During the first six (6) months of her employment, Plaintiff was not paid minimum wages. Plaintiff was paid a rate of $11.00 per hour; whereas, the applicable minimum wage for New York City for an employer with eleven (11) employees, was $13.00 in 2018. And, occasionally, Plaintiff performed work for which she was paid no wages.

14. Plaintiff was paid no wages for her final two (2) weeks of employment.

15. Plaintiff was not a tipped worker.

16. Defendant knowingly and willfully operated its business with a policy of not paying the FLSA minimum wage or the New York State minimum wage to the Plaintiff.

17. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendant failed to maintain accurate and sufficient time records.

18. During the first six (6) months of her employment, Plaintiff was paid cash.

3

19.     Plaintiff was paid without a wage statement as required by New York law.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

20.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "19" of this Complaint as if fully set forth herein.

21.     At all relevant times, upon information and belief, Defendant Mimmo Cucina was an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

22.     At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

23.     Upon information and belief, at all relevant times, Defendant had gross revenues in excess of $500,000.

24.     Plaintiff worked hours for which she was paid no wages; and at other times, she was paid less than the statutory minimum hourly wage.

25.     At relevant times, Defendant had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff for hours worked.

26.     Defendant disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, at the statutory minimum wage rate, when they knew or should have known such was due and that non-payment of minimum wages would financially injure her.

4

27.     Defendant failed to make, keep and preserve records with respect to each of its employees, including Plaintiff, sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

28.     Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendant. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

29.     Defendant failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

30.     As a direct and proximate result of Defendant's violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

31.     Due to the unlawful acts of the Defendant, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

32.     Plaintiff is entitled to an award of her reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

33.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "32" of this Complaint as if fully set forth herein.

34.     At all relevant times, Plaintiff was employed by Defendant within the meaning of New York Labor Law §§ 2 and 651.

35.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff wages for all hours worked, and minimum wages in the lawful amount for hours worked.

36.     Due to the Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant her unpaid minimum wages, and reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

### COUNT III
### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

37.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "36" of this Complaint as if fully set forth herein.

38.     Upon information and belief, Defendant's record keeping practices were intended to, and did in fact, disguise the actual number of hours the employee worked, in order to avoid paying for her full hours worked; and, any overtime due.

39.     Defendant willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets, wage notices, and payroll records.

40.     Plaintiff was not provided with a proper, written notice at the time of hiring, as required by law.

41.     The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

42.     Plaintiff was not provided with a wage statement as required by law.

43.     Defendant's failure to provide an accurate annual wage notice entitles plaintiff to statutory damages of fifty dollars ($50.00) per week for each work week the violation continued to occur, to a maximum of five thousand dollars ($5,000). New York Labor Law § 198(1-b).

44.     Defendant's failure to provide a weekly wage statement entitles each plaintiff to statutory damaged in the amount of two hundred fifty dollars ($250.00) for each work day the violation occurred, to a maximum of five thousand dollars ($5,000). New York Labor Law §§195(1)(a), (3); 198 (1-d).

45.     Defendant failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, is liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, Sophia Vela, respectfully requests that this Court grant the following relief:

(a)     An award of unpaid wages and minimum wages due under the FLSA and New York Labor Law;

(b)     An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay minimum wages;

(c)     An award of liquidated damages and statutory penalties as a result of Defendants' willful failure to pay wages and minimum wages and provide notice and proper wage statements, pursuant to the New York Labor Law and implementing regulations;

(d)     An award of prejudgment and post-judgment interest;

(e)     An award of costs and expenses associated with this action, together with

        reasonable attorneys' fees; and,

(f)     Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
       January 14, 2019

                                        Respectfully submitted,

                              By:       _____
                                        Peter H. Cooper  (PHC 4714)

                                        CILENTI & COOPER, PLLC
                                        **Attorneys for Plaintiff**
                                        708 Third Avenue – 6th Floor
                                        New York, NY 10017
                                        Telephone  (212) 209-3933
                                        Facsimile (212) 209-7102
                                        E-mail pcooper@jcpclaw.com

### CONSENT TO SUE UNDER
### FAIR LABOR STANDARDS ACT

I, _Sophia Vela_, am an employee currently or formerly employed by _Mimmo Cucina Italiana_, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_12/19_, 2018

x _[signature]_